UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 07-66883 |
| MARIETTA MILL LOFT AND ) | |
| CONDOMINIUMS, LLC, ) | CHAPTER 7 |
| ) | |
|     Debtor. ) | |
| _____) | |
| ) | |
| BARBARA ELLIS-MONRO, as ) | ADVERSARY PROCEEDING |
| Chapter 7 Trustee, ) | |
| ) | |
|     Plaintiff, ) | NO. 09-_____ |
| ) | |
| vs. ) | |
| ) | |
| CHURCH STREET PARTNERS, LLC ) | |
| ) | |
|     Defendant. ) | |
| _____) | |

**COMPLAINT**

COMES NOW, Barbara Ellis-Monro, in her capacity as Chapter 7 Trustee (the "Trustee"), for the above-captioned debtor, and files this Complaint and respectfully represents:

**PARTIES, JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the Standing Order of Reference of the United States Bankruptcy Court for the Northern District of Georgia. The causes of action set forth herein involve the determination, allowance and amount of claims pursuant to 11 U.S.C. §§ 544, 548, 550 and 551 and as such constitute a core proceeding under 28 U.S.C. 157(b)(2)A)(E)(F)(H).

2.    Venue is proper in this district in accordance with 28 U.S.C. §1409(a).

1

3. On April 30, 2007 (the "Petition Date"), the Marietta Mill Loft Condominiums, LLC ("MML" or the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Bankruptcy Court").

4. On April 3, 2008, Barbara Ellis-Monro was appointed as Chapter 11 trustee and continues to serve as the Chapter 7 trustee.

5. Church Street Partners, LLC, defendant herein ("Defendant"), is a Georgia limited liability corporation with its principal place of business located at 232 Alexander Street, Marietta, Georgia 30060.

6. Defendant is subject to the jurisdiction and venue of this Court and may be served, pursuant to Fed.R.Bankr.P. 7004, by United States mail, to its registered agent Wesley A. Godwin, III, 232 Alexander Street, Marietta, Georgia 30060.

7. This Adversary Proceeding arises out of and relates to the Chapter 7 bankruptcy case of MML, Case No. 07-66883-JEM on the docket of this Court.

## BACKGROUND

8. MML is a Georgia limited liability company.

9. As of the Petition Date, Wesley A. Godwin, III ("Godwin"), was the managing and sole member of the Debtor.

10. Upon information and belief, at all times relevant herein, Godwin was also the managing and sole member of the Defendant.

11. Upon further information and belief Godwin caused MML to transfer property of the Debtor to defendant to pay for personal, family or household expenses of Godwin and insiders of Godwin's including, but not limited to, his wife and children.

12. Wesley Godwin, as the sole and managing member of MML, caused and directed MML to transfer not less than $478,813.00 to Defendant.

13. On or within two years before the Petition Date, the Debtor made one or more transfers of an interest in property of the Debtor, by means of a check, wire transfer or other means, to or for the benefit of the Defendant with a total value of not less than $478,813.00. (the "Avoidable Transfers").

14. Upon information and belief, the Avoidable Transfers were in payment of debts owed by Defendant or other insiders of the Debtor and not obligations owed by the Debtor.

15. At the time each of the Avoidable Transfers was made the Debtor was indebted to various individuals and entities.

16. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers from the Debtor made to or for the benefit of Defendant during the four years prior to the Petition Date. It is Plaintiff's intention to avoid and recover all transfers made to or for the benefit of Defendant during this period. Plaintiff reserves her right to amend this original Complaint to include: (i) further information regarding the Avoidable Transfers, (ii) additional transfers, and (iii) additional causes of action (including but not limited to 11 USC §§ 542, 544, 545, 548 and 549) that may become known to Plaintiff at any time during this adversary

3

proceeding, through formal discovery or otherwise and for the Amendments to relate back to this Original Complaint.

## COUNT ONE
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
## PURSUANT TO 11 U.S.C. §§548 AND 550

17. The allegations of paragraph 1 through 16 of the Complaint are hereby realleged in their entirety and incorporated herein by reference.

18. The Avoidable Transfers were not made for valuable consideration and the Debtor received less than a reasonably equivalent value in exchange for the Avoidable Transfers.

19. Debtor was insolvent on the date the Avoidable Transfers were made or became insolvent as a result of such transfers.

20. The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital.

21. The Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

22. Pursuant to 11 U.S.C. § §548, 550 and 551 the Avoidable Transfers by Debtor to or for the benefit of Defendant are fraudulent transfers and may be avoided, recovered and preserved for the benefit of Debtor's bankruptcy estate.

## COUNT II
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
## UNDER § 544 AND O.C.G.A. §18-2-70 *et. seq.*

23. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 22 as if fully set forth herein.

24. The Avoidable Transfers were made on or within two (2) years before the Petition Date.

25. The Avoidable Transfers were not made for valuable consideration and the Debtor received less than a reasonably equivalent value in exchange for the Avoidable Transfers.

26. Debtor was insolvent on the date the Avoidable Transfers were made or became insolvent as a result of such transfers.

27. The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital.

28. The Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

29. Pursuant to 11 U.S.C. § §544 applying O.C.G.A. §§ 18-2-70 *et. seq.,* as amended ( the "Georgia Uniform Fraudulent Transfers Act"), the Avoidable Transfers made by Debtor to or for the benefit of Defendant are fraudulent and may be avoided, recovered and preserved for the benefit of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § § 550 and 551.

**WHEREFORE**, the Plaintiff prays that the Court enter an order and judgment:

A. in favor of the Trustee in the amount of $478,813.00 plus interest from the date of demand;

B. in favor of the Trustee for post-judgment interest as allowed by law; and

5

C.  for such further relief as this Court deems just and proper.

This 29th day of April, 2009.

           ELLENBERG, OGIER, ROTHSCHILD &
           ROSENFELD, PC

           By: ___/s/ Barbara Ellis-Monro_____
                Barbara Ellis-Monro
                Georgia Bar No. 246117

                Counsel for Chapter 7 Trustee

170 Mitchell Street, SW
Atlanta, Georgia 30303
404-525-4000

6

**EXHIBIT A**

**EXHIBIT A**

| Date | Clear Date | Num | Name | Split | Amount |
|---|---|---|---|---|---|
| 05/20/2005 | 05/25/2005 | 1004 | CSP | Transfer of Funds to Subsidiary | (40,000.00) |
| 06/30/2005 | 07/07/2005 | 1012 | CSP | Transfer of Funds to Subsidiary | (30,000.00) |
| 07/18/2005 | 07/19/2005 | 1022 | CSP | Transfer of Funds to Subsidiary | (6,000.00) |
| 08/03/2005 | 08/05/2005 | 1028 | CSP | Transfer of Funds to Subsidiary | (25,000.00) |
| 09/09/2005 | 09/14/2005 | 1037 | CSP | Transfer of Funds to Subsidiary | (30,000.00) |
| 10/12/2005 | 10/07/2005 | 1055 | CSP | Transfer of Funds to Subsidiary | (50,000.00) |
| 10/12/2005 | 10/17/2005 | 1066 | CSP | Transfer of Funds to Subsidiary | (17,000.00) |
| 11/02/2005 | 11/07/2005 | 1074 | CSP | Transfer of Funds to Subsidiary | (40,000.00) |
| 11/28/2005 | 11/30/2005 | 1088 | CSP | Transfer of Funds to Subsidiary | (11,000.00) |
| 12/05/2005 | 12/06/2005 | 1089 | CSP | Transfer of Funds to Subsidiary | (3,000.00) |
| 12/06/2005 | 12/12/2005 | 1094 | CSP | Transfer of Funds to Subsidiary | (25,000.00) |
| 01/09/2006 | 01/11/2006 | 1112 | CSP | Accounts Payable | (50,000.00) |
| 01/17/2006 | 01/24/2006 | 1134 | CSP | Accounts Payable | (15,000.00) |
| 02/15/2006 | 02/03/2006 | 1135 | CSP | Accounts Payable | (45,000.00) |
| 03/06/2006 | 03/07/2006 | 1149 | CSP | Accounts Payable | (24,000.00) |
| 03/10/2006 | 03/14/2006 | 1152 | CSP | Accounts Payable | (25,000.00) |
| 03/31/2006 | 04/03/2006 | 1172 | CSP | Accounts Payable | (7,500.00) |
| 04/12/2006 | 04/14/2006 | 1173 | CSP | Accounts Payable | (18,000.00) |
| 04/28/2006 | 05/02/2006 | 1194 | CSP | Accounts Payable | (1,500.00) |
| 07/31/2006 | 08/02/2006 | 1310 | CSP | Accounts Payable | (15,813.00) |
| | | | CSP Total | | (478,813.00) |